**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION**

| | |
|---|---|
| JANELLE POTCHKA, ) | |
| Personal Representative of the Estate of ) | |
| BILLY SIMPSON ) | |
| ) | Case No.: 3:23-cv-00448-CCB-SJF |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| PEKIN INSURANCE, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S STATEMENT OF
MATERIAL FACTS**

NOW COMES Plaintiff, by counsel, agrees with the facts as stated by Defendant in its Statement of Material Facts and pursuant to N.D. Ind. L.R. 56-1(b)(2), sets forth this Statement of Material Facts in support of its Motion for Summary Judgment as follows:

**A. The Accident and Aftermath**

1. On or about Saturday, March 5, 2022 at approximately 1:22 PM, Billy Simpson ("Simpson"), was at the Tractor Supply Company located at 1495 Cass Street, Wabash, Indiana 46992 in Wabash County, Indiana [DE 1-1 at 3 of 98]. 1) **RESPONSE**: Plaintiff does not dispute this paragraph.

2. Simpson was in the Tractor Supply Co. store for approximately 10 minutes before leaving the Tractor Supply Co. [DE 27-6 at 4; Exhibit B, Plaintiff's Answers to Interrogatories from Defendant Pekin Insurance ("Interrogatory Answers"), para. 9]. 2) **RESPONSE**: Plaintiff does not dispute this paragraph.

3. Adam McKenzie ("McKenzie") was operating the motor vehicle that struck Simpson when he was leaving the Tractor Supply Co. [DE 1-1 at 3 of 98, para. 4]. 3)

1

**RESPONSE**: Plaintiff does not dispute this paragraph.

4. Billy Simpson was returning to his vehicle at the time of the Accident. [DE 27-6 at 4; Interrogatory Answers, para. 9]. 4) **RESPONSE**: Plaintiff does not dispute this paragraph.

5. Billy Simpson was struck by a vehicle driven by McKenzie in the public roadway outside the front doors of the Tractor Supply and on his way to the parking lot to his vehicle. [DE 27-7 at 15; Zachary Simpson Tr. 40:4-7]. 5) **RESPONSE**: Plaintiff does not dispute this paragraph.

6. The accident took place "[a]lmost directly out front of the door" [DE 27-7 at 7; Zachary Simpson Tr. 16:8-25 – 17:1-4] in "the main drive lane" in front of the store. [DE 27-7 at 8; Zachary Simpson Tr. 17:1-4]. 6) **RESPONSE**: Plaintiff does not dispute this paragraph.

7. A photograph of Billy Simson taken at the scene shows Simpson was struck in the roadway outside the entrance to the Tractor Supply store in the main roadway. [DE 27-7 at 17; DE 27-7 at 20; DE 27-7 at 32; Zachary Simpson Tr., 42:14-21; 45:24-25, 46:1-10; Exhibit D (copy of photo)]. 7) **RESPONSE**: Plaintiff does not dispute this paragraph.

8. Zachary Simpson retrieved his father's vehicle post-accident [DE 27-7 at 14; Zachary Simpson Tr. 39:23-25, 40:1-13], and determined the vehicle was located between 45 and 60 feet from where his father was struck in the main roadway by the McKenzie vehicle. [DE 27-7 at 19; DE 27-7 at 20; Zachary Simpson Tr. 44:3-13; 45:19-21]. 8) **RESPONSE**: Plaintiff does not dispute this paragraph.

9. Simpson's vehicle was parked in the fourth or fifth space in the parking lot of the Tractor Supply Co. [DE 27-7 at 15; DE 27-7 at 19; Zachary Simpson Tr. 40:1-15; 44:3-25]. 9) **RESPONSE**: Plaintiff does not dispute this paragraph.

10. At the time of the Incident, Mr. McKenzie did not have an active auto liability policy in force. [DE 1-1, p. 3 of 98, para. 4]. 10) **RESPONSE**: Plaintiff does not dispute this

paragraph.

11. On the date of the Incident, Simpson was driving a 2020 Ford F250. [DE 27-7; Zachary Simpson Transcript which is Exhibit C, 66:16-20]. 11) **RESPONSE**: Plaintiff does not dispute this paragraph.

12. The Pekin Policy identifies the 2020 Ford 250 as vehicle unit no. 17, in the schedule of covered autos. [DE 27-1 at 14; Pekin Policy, Bates at 12]. 12) **RESPONSE**: Plaintiff does not dispute this paragraph

13. Simpson's son, Zachery Simpson ("Zachery") went to the Tractor Supply Co. on March 5, 2022, after the accident to retrieve Mr. Simpson's vehicle. [DE 27-7 at 39; Zachary Simpson Tr. 39:23-25, 40:1-13], 13) **RESPONSE**: Plaintiff does not dispute this paragraph.

14. On or about March 11, 2022, Simpson submitted a claim to Pekin seeking uninsured motorist bodily injury coverage and medical payment coverage under the BJS Services, LLC business auto insurance policy. [DE 27-1 at 2; Affidavit of Nancy Scott of Pekin, para. 6]. 14) **RESPONSE**: Plaintiff does not dispute this paragraph.

15. In a letter dated June 29, 2022, Pekin denied coverage for Simpson's claims. [DE 27-1 at 2; DE 27-5 at 22; Affidavit of Nancy Scott, para. 7; Exhibit 3 to Exhibit A (June 29, 2022 letter denying coverage)]. 15) **RESPONSE**: Plaintiff does not dispute this paragraph.

**B. The Pekin Insurance Policies**

16. Pekin Insurance ("Pekin") issued its Business Auto Policy to BJS Services, LLC as its Named Insured under Policy No. 005900987 for the Policy period of January 26, 2022 to January 26, 2023 (the "Policy"). [DE 27-1 at 4; Affidavit of Nancy Scott, para. 4]. 16) **RESPONSE**: Plaintiff does not dispute this paragraph.

17. The Policy provides in pertinent part as follows:

**INDIANA UNINSURED AND UNDERINSURED MOTORIST**

3

**COVERAGE**

\*\*\*

**A.  Coverage**

    **1.**    **We** will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "uninsured motor vehicle". The damage must result from:
        **a.**    "Bodily injury" sustained by the "insured" and caused by an "accident" with an "uninsured motor vehicle"; or
        **b.**    "Property damage caused by an "accident" with an "uninsured motor vehicle if the Schedule or Declarations indicates that both "bodily injury" and "property damage" Uninsured Motorists Insurance apply.

The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "uninsured motor vehicle".

\* \* \*

[DE 27-1; Pekin Policy which is Exhibit 1 to Exhibit A (Affidavit of Nancy Scott) at Bates p. 16]. 17) **RESPONSE**: Plaintiff does not dispute this paragraph.

    18.    The Policy provides in pertinent part as follows:

**B.  Who Is An Insured**
If the Named insured is designated in the Declarations as:

\* \* \*

    **2.**    A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
        **a.**    Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss or destruction."
        **b.**    Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
        **c.**    The Named Insured for "property damage" only.

[DE 27-1 at 18; Pekin Policy at Bates pp. 16-17]. 18) **RESPONSE**: Plaintiff does not dispute this paragraph.

    19.    The Policy provides in pertinent part as follows:

**F.   Additional Definitions**

As used in this endorsement:

\*\*\*

4

      **2**. "Occupying" means in, upon, getting in, on, out or off.

[DE 27-1 at 21; Pekin Policy, Bates at 19]. 19) **RESPONSE**: Plaintiff does not dispute this paragraph.

    20.    Pekin had in force and effect on the Accident date a Commercial Umbrella Policy issued to Named Insured BJS Services, LLC under policy no. 005905066 effective from 12/16/2021 to 12/16/2022 ("Umbrella Policy"). [DE 27-1 at 2; DE 27-4 at 3; Affidavit of Nancy Scott at para. 5; Umbrella Policy, Exhibit 2 to Exhibit A, Bates 3]. 20) **RESPONSE**: Plaintiff does not dispute this paragraph.

21.    The Umbrella Policy's declarations pages do not show that any uninsured/underinsured motorists coverage was purchased. [DE 27-4 at 3; Umbrella Policy, Bates 3-4]. 21) **RESPONSE**: Plaintiff does not dispute this paragraph.

    22.    The Umbrella Policy contains the following exclusion:

### FOLLOWING FORM ENDORSEMENT

This endorsement modifies insurance provided under the following:

### COMMERCIAL UMBRELLA POLICY

***

**B.**    Paragraph **2. Exclusions of Section I Commercial Umbrella Liability Coverage**, is replaced by the following:

    **2.**    **Exclusions**

        The following exclusions, and any other exclusions added by endorsement, apply to this policy. In addition, the exclusions applicable to any "underlying insurance" apply to this insurance unless superseded by the following exclusions, or superseded by any other exclusions added by endorsement to this policy.

        This insurance does not apply to:

***

    **b.**    Any obligation imposed under any first party personal injury, automobile no fault, uninsured motorists, underinsured motorists law or any similar law.

5

[DE 27-5 at 2; Umbrella Policy, Bates pp. 26-27]. 22) **RESPONSE**: Plaintiff does not dispute this paragraph.

### C. The Present Matter and Procedural Posture

23. On April 5, 2023, Billy Simpson filed a "Complaint for Underinsured Motorist's Benefits and Insurance Bad Faith Claim" against Pekin Insurance in the Wabash Superior Court under cause number 85D01-2304-CT-000238. [DE 1-1 at 3 of 98]. 23) **RESPONSE**: Plaintiff does not dispute this paragraph.

24. On April 21, 2023, Janelle Potchka, personal representative of the estate of Billy Simpson, filed an "Amended Complaint for Underinsured Motorist's Benefits and Insurance Bad Faith Claim" against Pekin in the Wabash Superior Court under cause number 85D01-2304-CT- 000238. [DE 1-1 at 38 of 98]. 24) **RESPONSE**: Plaintiff does not dispute this paragraph.

25. On May 19, 2023, Pekin filed its Notice of Filing of Notice of Removal in this Court. [DE 1 at 1 of 6]. 25) **RESPONSE**: Plaintiff does not dispute this paragraph.

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Court enter an order granting Summary Judgment in its favor on Plaintiff's Amended Complaint for Underinsured Motorist's Benefits and for any and all other relief this Court deems equitable and just.

Respectfully submitted,

*/s/ Alex Paul Yakos Brown*
Alex Paul Yakos Brown # 37368-02
TRUITT LAW OFFICES

**CERTIFICATE OF SERVICE**

      I hereby certify that copy of the foregoing document was served on the following Public Service Contacts through E-Service using the IEFS this **30th**  day of **OCTOBER, 2024**:

Stephen Wheeler, #14991-34
Fisher Maas Howard Loyd & Wheeler, PC.
9765 Randall Drive, Suite F
Carmel, Indiana 46280
(317) 578-1900
(317) 578-1330 fax
swheeler@fishermaas.com
*Attorney for Defendant*

                                                            /s/ Alex P. Y. Brown
                                                       *Attorney for Plaintiff*
                                                       Alex P. Y. Brown
                                                       TRUITT LAW OFFICES
                                                       1601 N. Jefferson St.
                                                       Huntington, IN 4750
                                                       Email:a.brown@truittlawoffices.com