UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JANELLE POTCHKA, Personal Representative of the Estate of BILLY SIMPSON | ) ) ) ) |
| Plaintiff, | ) Case No.: 3:23-cv-00448-CCB-SJF ) ) |
| v. | ) ) |
| PEKIN INSURANCE, | ) ) |
| Defendant. | ) ) |

**DEFENDANT PEKIN INSURANCE'S REPLY TO PLAINTIFF'S MEMORANDUM OF LAW OPPOSING PEKIN'S MOTION FOR SUMMARY JUDGMENT**

NOW COMES, Plaintiff, Pekin Insurance Company ("Pekin"), by counsel, pursuant to Rule 56(c) of the Federal Rules of Civil Procedure and Local Rule 56-1, and for its Reply in opposition to Plaintiff's Memorandum of Law Opposing Pekin's Motion for Summary Judgment, states:

### I. UNDISPUTED FACTS

This matter arises out of an Accident that occurred on March 5, 2022 when Billy Simpson ("Simpson") was at the Tractor Supply Company located at 1495 Cass Street, Wabash, Indiana 46992 in Wabash County, Indiana ("Accident"). [DE 1-1 at 3 of 98]. Simpson was in the Tractor Supply Co. store for approximately 10 minutes before leaving the Tractor Supply Co. [DE 27-6 at 4; Exhibit B, Plaintiff's Answers to Interrogatories from Defendant Pekin Insurance ("Interrogatory Answers"), para. 9]. Simpson was struck by a vehicle driven by Adam McKenzie in the public roadway outside the front doors of the Tractor Supply and on his way to the parking lot to his vehicle. [DE 27-7 at 15; Zachary Simpson Tr. 40:4-7]. Zachary Simpson retrieved his father's vehicle post-Accident [DE 27-7 at 14; Zachary Simpson Tr. 39:23-25, 40:1-13], and determined the

vehicle was located between 45 and 60 feet from where his father was struck in the main roadway by the McKenzie vehicle. [DE 27-7 at 19; DE 27-7 at 20; Zachary Simpson Tr. 44:3-13; 45:19-21].

At the time of the incident, Defendant, Pekin Insurance ("Pekin"), had in force and effect two relevant policies of insurance issued to BJS Services, LLL: a Business Auto Policy and a Commercial Umbrella Policy. [DE 27-1 at 4; Affidavit of Nancy Scott, para. 4; DE 27-1 at 2; DE 27-4 at 3; Affidavit of Nancy Scott at para. 5; Umbrella Policy, Exhibit 2 to Exhibit A, Bates 3]. Simpson claims entitlement to uninsured motorist coverage ("UM"). [DE 27-1 at 2; Affidavit of Nancy Scott of Pekin, para. 6]. Pekin denied Simpsons' claims because he did not qualify as an "insured" for purposes of UM coverage because Simpson was not "occupying" the covered vehicle at the time of the Accident.

Pekin filed its Motion for Summary Judgment asserting that Simpson was not "occupying" the vehicle at the time of the Accident and therefore Pekin's Policies do not extend UM coverage to Simpson. Plaintiff filed its Response in Opposition and Pekin now files its Reply. Pekin is entitled to summary judgment on Plaintiff's[1] claim for UM coverage to Simpson.

## II.     ARGUMENT

A. **The Plaintiff's assertion that *Miller* does not apply to the present case is incorrect as *Miller's* analysis is instructive as to elements the Indiana courts review to determine whether an individual is "occupying" a vehicle for uninsured motorists purposes**

Plaintiff argues in its Response Brief that *Miller* does not apply to this matter because that case dealt with whether an individual was "getting out of" his vehicle for purposes of uninsured motorists coverage. While Plaintiff is correct that the *Miller* case dealt with "getting

---

[1] Simpson initially filed his Complaint against Pekin on April 5, 2023 in the Wabash Superior Court. [DE 1-1, p. 3 of 98]. On April 21, 2023, an Amended Complaint was filed. Due to the death of Billy Simpson, Janelle Potchka, Personal Representative of the Estate of Billy Simpson, Deceased, was substituted in place of Billy Simpson. [DE 1-1, p. 38 of 98].

2

out of" a vehicle, *Miller* is still relevant for purposes of the present facts as it discusses when a person is considered to be "occupying" a vehicle for purposes of uninsured motorists coverage. In fact, in a subsequent Court of Appeals case, *Lake States Ins. Co. v. Tech Tools, Inc.*, 743 N.E.2d 314 (Ind.Ct.App. 2001), which dealt with whether an individual was " getting into" a vehicle, the court stated that the *Miller* was instructive. *Id*. at 321. Accordingly, plaintiff's assertion that *Miller* is not relevant to this case is incorrect.

B.  **Plaintiff's assertion that the application of the *Miller* test results in the conclusion that Simpson was "occupying" his vehicle at the time of the Accident is incorrect; rather, it demonstrates that Simpson was not occupying his vehicle**

Plaintiff argues that an application of the *Miller* factors to the current facts results in the conclusion that Simpson was "occupying" his vehicle at the time of the Accident. Plaintiff is incorrect in the analysis. *Miller* looked at four factors when considering this issue. Contrary to Plaintiff's argument, Simpson does not qualify as "occupying" his vehicle at the time of the Accident when those are applied. The *Miller* Court considered the following: (1) the distance between the Accident and the covered vehicle; (2) the time separating the Accident and the exit from the covered vehicle; (3) the individual's opportunity to reach a zone of safety; and (4) the individual's intentions in relation to the covered vehicle. *Id*. at 491. As identified in Pekin's Memorandum of Law [DE 29], these considerations support the conclusion that Simpson was not "occupying" his vehicle at the time of the Accident.

It is undisputed that Simpson was between 45 and 60 feet from his vehicle at the time he was struck by the other car. It is undisputed that Simpson was out of the vehicle for at least ten minutes before the Accident took place as he left his vehicle, and went into the Tractor Supply Company store. [DE 27-6 at 4; Interrogatory Answers, para. 9]. Mr. Simpson, by entering the store after exiting his vehicle ten (10) minutes prior to the Accident, had severed his relationship

with his vehicle and had reached a "zone of safety." While Simpson was leaving the store when he was struck, he was still an appreciable distance from his vehicle when the Accident took place. He was outside the front of the store in the travel traffic lane. This distance of 45 to 60 feet between the Accident location and Mr. Simpson's truck is similar to the distances that the courts considered in *Lake States* and *Barnhill v. Liberty Mut. Fire Ins. Co.*, 129 F. Supp. 2d 1192, 1197 (N.D. Ind. 2001).

The court in *Lake States* determined that a person walking to her vehicle and was 60 feet away at the time of the Accident was not "occupying" her vehicle. The court in *Barnhill* determined that the person was not "occupying" the vehicle when he was 45 feet away when the Accident took place. In those cases, those distances were deemed to be too far away from the vehicle to qualify a claimant as "occupying" the vehicle for uninsured motorists purposes. Furthermore, in *Miller*, the claimant was 30 feet away from his vehicle when he was struck by another vehicle. At the time of the Accident, he was kicking a muffler out of the traffic lane and certainly intended to return to his vehicle. Despite his intent to return to the vehicle, the *Miller* court did not consider this factor to outweigh the other factors it considered. In fact, the court in *Miller* stated that: "[t]hese factors will, of course, have greater or lesser weight depending upon the circumstances of each individual case." *Id*. at 491. Similarly here, Simpson was leaving the store and was going to his vehicle. However, he was an appreciable distance away from his vehicle when the Accident took place. As in *Miller*, Simpson's plan to return to his vehicle does not outweigh the other factors identified in the *Miller* test. Applying the factors considered in *Miller*, Simpson does not qualify as "occupying" his vehicle when the Accident took place as a matter of law.

### C. Plaintiff's characterization of the holding of *Lake States* is incorrect and contrary to the Court's analysis

The most similar case to the present facts is the *Lake States* case. Plaintiff cites to *Lake States* for the assertion that because Simpson was 45 feet from his vehicle at the time of the Accident, he should be considered as "occupying" his vehicle. [DE 39 at 5 of 11]. First, plaintiff misstates the undisputed facts. Simpson was between 45 and 60 feet at the time of the Accident. Further, Plaintiff offers a misreading of the *Lake States*' analysis. The correct application of the *Lake States* analysis results in the conclusion that Simpson was not "occupying" or "getting in" his vehicle at the time of the Accident and therefore is not entitled to uninsured motorists coverage as a matter of law.

In *Lake States*, the issue was whether a claimant was entitled to uninsured motorist coverage when she was struck by a car when crossing a four-lane road to get to her vehicle. In that case, the claimant was parked alongside the roadway before attending a party. Following the event, she attempted to cross the roadway to reenter the vehicle when she was struck and killed by another driver as she attempted to reach her vehicle. The claimant's estate argued that that the decedent's acts were directly connected with the vehicle and were essential to the use of the vehicle. The estate argued that it was necessary for decedent to cross the street in order to reach the vehicle and she was only sixty (60) feet from the vehicle. The estate sought uninsured motorist coverage.

Similar to the case at bar, the issue was whether the claimant qualified as an "insured" under the uninsured motorist provision of the policy. She would qualify as an "insured" if she was "occupying" a covered auto. The definition of "occupying" was "in, upon, getting in, on, out or off", which is that same definition in the Pekin Policy at issue here. The *Lake States* court found the terms "occupying" and "getting in" as unambiguous. *Id*. at 321. The court concluded

5

that the claimant was not "getting in" or "occupying" her vehicle at the time of the Accident, stating that: "[t]herefore… we find that Mary's [the decedent's] distance from the vehicle to be of a particularly greater determinative weight in finding that Mary was neither "occupying" nor "getting in" the vehicle when she was sixty feet from the vehicle." *Id*.

The Court had referenced in its opinion several dictionary definitions of the terms "occupying" and "get in" as follows:

> Specifically, Black's Law Dictionary 1079 (6th ed.1990), defines "occupy" as "to take or enter upon possession of; to hold possession of; to hold or keep for use; to possess; to tenant; to do business in; to take or hold possession. Actual use, possession, and cultivation." In addition, the American Heritage Dictionary of the English Language762 (3rd ed.1996), defines "get in" in pertinent part, as "1. a. to enter. b. to arrive." and defines "occupy" as "1. To fill up (time or space) 2. to dwell or reside in 3. to hold or fill (an office or a position) 4. to seize possession of and maintain control over by or as if by conquest 5. to engage, employ, or busy (oneself).

*Id*. at 318-319. The Court further stated that "[a]n examination of the dictionary definition of these terms certainly does not apply to an individual sixty (60) feet from the covered vehicle." *Id*. at 321.

> [W]e conclude that the idea of extending coverage to individuals "getting in" or "occupying" to a "zone" around the insured vehicle eviscerates the contractual language that defines "occupying" a covered vehicle to mean "in. upon, getting in, out or off."

*Id*. The Court concluded that the claimant in *Lake States* was not entitled to uninsured motorist coverage because her proximity of 60 feet to her vehicle at the time of the Accident did not fit within the policy language. The Court specifically held that the term "getting in" means, "entering, requiring a closer proximity than sixty feet." *Id*. Contrary to plaintiff's assertion, the Court did <u>not</u> say that any distance <u>less</u> than sixty feet would equate to "getting in." That interpretation is contrary to the Court's analysis as identified above.

In *Lake States*, the claimant was 60 feet away from her vehicle when the Accident took place. In *Barnhill*, the claimant was 45 feet away from his vehicle when the Accident took place.

6

In *Herring-Jenkins*[2], the claimant was a "couple of feet" behind the vehicle when the Accident occurred. In *Miller*, the claimant was 30 feet away. In none of these cases did the court find the claimant was entitled to uninsured motorist coverage. In the present case, Simpson was between 45 and 60 feet from his vehicle when the Accident took place. Like the results in the above-referenced cases, Simpson is not entitled to uninsured motorists coverage as he was not "occupying" or "getting in" his vehicle at time of the Accident.

The *Lake States* opinion demonstrates that Simpson was not "occupying" or "getting in" the insured vehicle when the Accident occurred as a matter of law. The plain meaning of the terms "getting in" or "occupying" in the Pekin Policy would not encompass someone at least 45 feet from his vehicle at the time of the Accident.

### III.   CONCLUSION

Contrary to Plaintiff's argument, the Pekin Policy does not extend uninsured motorist coverage to Simpson. He was between 45 and 60 feet from his vehicle at the time of the Accident. Such distance does not comport with the meaning of the terms "occupy" or "getting in" pursuant to the *Lake States* case and similar cases. Pekin is entitled to summary judgment in its favor and against the Plaintiff.

---

[2] *Ohio Cas. Ins. Co. v. Herring-Jenkins*, 830 F. Supp. 2d 566, 568 (N.D. Ind. 2011) (refusing to extend coverage to a zone around the insured vehicle for a claimant who was struck when working "a couple feet" behind the insured vehicle during a construction project was not "occupying" the vehicle for purposes of uninsured motorist coverage)

                                                  Respectfully submitted,

                                                  FISHER MAAS HOWARD LLOYD
                                                  & WHEELER PC.


                                                  */s/ Stephen C. Wheeler*
                                                  STEPHEN C. WHEELER, #14991-34

9765 Randall Drive, Suite F
Carmel, Indiana 46280
(317) 578-1900
(317) 578-1330 fax
swheeler@fishermaas.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2024 I electronically filed the foregoing with the Clerk of the Court for the United States District Court, Northern District of Indiana, South Bend Division, by using the CM/ECF system. I certify that the following participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system:

Alex P. Y. Brown, Atty No. 37368-02 - a.brown@truittlawoffices.com
Phillip A. Truitt, Atty No. 35605-35 - p.truitt@truittlawoffices.com
Richard T. Truitt, Atty No. 893-35 - r.truitt@truittlawoffices.com
Daniel E. Brophy, Atty No. 14471-02 - d.brophy@truittlawoffices.com
Nicholas I. A. Wheeler, Atty No. 32798-02 - n.wheeler@truittlawoffices.com
TRUITT LAW OFFICES
2855 Northpark Avenue, Suite 107
Huntington, Indiana 46750
Counsel for Plaintiff

                                                  */s/ Stephen C. Wheeler*
                                                  Stephen C. Wheeler